[621 NYS2d 29]

In the Matter of RONALD G. LEVINE (Admitted as RONALD GLEN LEVINE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1995

## APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice law at the First Department in 1987, under the name Ronald Glen Levine, and has maintained an office for that purpose within this Department at all pertinent times since then. Acting upon a complaint from a Family Court Judge that respondent had appeared in court without having registered as an attorney, petitioner's chief counsel wrote to respondent in November 1993, advising that he must register with the Office of Court Administration (22 NYCRR 118.1), pay all fees and furnish proof of same to petitioner within 60 days. When respondent failed to comply, he was served by petitioner with the first of four subpoenas requiring submission of proof of proper registration. Although he indicated he would comply with the registration requirements, respondent has still failed to furnish proof of such compliance.

During the course of its investigation of this matter, petitioner has uncovered other indications of questionable behavior on respondent's part, as yet unverified, which may warrant disciplinary action. Meanwhile, respondent has frustrated the investigation, causing petitioner to move for his immediate suspension from practice (22 NYCRR 603.4 [e] [1]). Respondent defaulted on his motion as well, even after being granted additional time in which to respond. Such conduct evinces an unacceptable disdain for minimal professional standards, and can only be interpreted as a deliberate and willful attempt to impede petitioner's investigation *(Matter of Gordon,* 142 AD2d 135).

Accordingly, respondent is suspended forthwith from the practice of law in this State, pending the investigation and further order of this Court. He is further directed to cooperate with petitioner's investigation without delay.

WALLACH, J. P., ROSS, RUBIN, NARDELLI and TOM, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, pending the investigation and the further order of this Court, and respondent is directed to cooperate with petitioner's investigation without delay, all as indicated.