[680 NYS2d 8]

In the Matter of RONALD T. LANDERS (Admitted as RONALD THEOPOLIS LANDERS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 29, 1998

#### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Ronald T. Landers was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on August 24, 1987, as Ronald Theopolis Landers. At all times relevant to this proceeding, respondent practiced law outside this State at the Public Defender's Office in Jasper, Tennessee.

The Departmental Disciplinary Committee (Committee) has moved pursuant to 22 NYCRR 603.4 (e) (1) (i) for an order immediately suspending respondent from the practice of law, based upon his willful failure to cooperate with the Committee in its investigation of his failure to register with the Office of Court Administration (OCA).

Respondent last registered with OCA as an attorney on or about February 7, 1994. After respondent failed to re-register, the Grievance Committee for the Ninth Judicial District (Grievance Committee) sent him a letter advising him of his obligation to do so. The Grievance Committee assumed jurisdiction based on respondent's last known office address at the Dutchess County Public Defender's Office, in Poughkeepsie, New York. The matter was then transferred to the Committee in December 1997, after it was determined that respondent was admitted in the First Judicial Department, and no longer practiced law within the State.

On January 28, 1998, a Committee investigator spoke to respondent over the telephone concerning his failure to re-register, and respondent stated that he intended to resign from the New York Bar. On February 2, 1998, the Committee sent two letters to respondent which requested information as to what action he was taking concerning his lapsed registration, and which advised him to submit proof of registration to OCA within 60 days, if respondent chose that course. Respondent did not answer either of these communications. Between March 17 and March 31, 1998, the Committee sent two letters to respondent, and left four telephone messages at his office, but received no response. On April 3, 1998, the Committee investigator spoke with respondent over the telephone, and respondent again announced his intention to resign from the New York Bar. Despite another follow-up letter and phone call, respondent still has never re-registered nor filed a motion to resign. Indeed, respondent defaulted on the instant motion.

Under 22 NYCRR 603.4 (e) (1) (i), an attorney may be suspended from the practice of law pending consideration of charges against the attorney, where the attorney engages in misconduct threatening the public interest, such as failing to comply with a lawful demand of the Committee in connection with its investigation. In the present case, the Committee law-

fully commenced an investigation and demanded information concerning respondent's failure to register (Judiciary Law § 468-a; 22 NYCRR 118.1), and respondent deliberately flouted the Committee's efforts. He misled the Committee on two occasions by declaring his intention to resign, and then failing to do so. Respondent's utter disregard of the Committee's investigation clearly warrants his suspension (*see, Matter of Levine,* 207 AD2d 96, 97; *Matter of Gordon,* 142 AD2d 135, 137).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.