[726 NYS2d 414]

In the Matter of ROBERT T. WOLF (Admitted as ROBERT THOMAS WOLF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 5, 2001

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Robert T. Wolf, was admitted to the practice of law in the State of New York by the First Judicial Department

on March 30, 1964, as Robert Thomas Wolf. At all relevant times herein, respondent maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee opened an investigation in or around October 1999 after receiving a complaint from Abe Bunks, Esq., of Silk, Bunks & Suckle (SBS), on two separate matters.

The first matter involved respondent's failure to pay SBS's portion, under a written fee agreement entered into on or about January 8, 1992, of the attorneys fees in the case *Damiano v Exide*, for which SBS performed pretrial services. In an action commenced by SBS in December 1996 to collect the fee, respondent's answer was stricken based on his failure to comply with court-ordered discovery, and his failure to appear for oral argument on the motion. Respondent failed to appear at the inquest and a default judgment was entered. Respondent has failed to satisfy the judgment, which was entered and served.

In the second matter, respondent retained SBS in June 1993 to perform pretrial services in a case in which he was representing Rafael Madera. When Madera discharged respondent and retained SBS to prosecute the action, respondent failed to return the consent to change attorneys, which SBS had sent him, and did not turn over the case file. By order dated June 26, 1998, Queens County Supreme Court Justice Charles LaTorella granted SBS's substitution motion and directed respondent to deliver the case file to SBS. Only after a finding of contempt, a $250 fine, and an arrest warrant, did respondent hand over the case file, parts of it on May 17, 1999 and the rest on June 4, 1999.

By letters dated November 18 and December 20, 1999, and January 20 and February 15, 2000, the Committee requested respondent to submit an answer to Mr. Bunk's complaint regarding the Madera matter. Respondent was also advised that he could be suspended for failure to cooperate with the Committee. In a certified, return receipt requested, letter dated July 10, 2000, the Committee advised respondent that if he did not appear at an August 2, 2000 deposition with an answer to the Madera complaint and any relevant documents, the Committee would seek his suspension for noncooperation.

Although respondent signed the return receipt and appeared at the deposition, he did not bring an answer or any relevant

documents to the Madera matter. As to the *Damiano* matter, he acknowledged receiving the attorneys fees and depositing the funds into his escrow bank account. He also admitted using these funds without SBS's consent.

By letters to respondent dated August 21, 2000, October 25, 2000, and November 2, 2000, the Committee attempted unsuccessfully to obtain information and documentation relevant to the funds awarded in the *Damiano* matter, such as the name of the bank where he maintained his escrow account, the account number, and bank records. With a letter dated December 1, 2000, respondent was sent a subpoena duces tecum directing him to provide the Committee by December 11, 2000, with the items requested, as well as some additional documents, including his closing statement filed with the Office of Court Administration (OCA) in the *Damiano* matter; a record of deposits and withdrawals of all of his attorney, escrow and IOLA accounts; and an answer to the Madera complaint. Respondent failed to comply with this subpoena, despite being granted several extensions and the opportunity to submit a tape-recorded response to the Madera matter. In fact, he provided the Committee with a nonexistent IOLA account number. Respondent also failed to file a closing statement with the OCA in connection with the *Damiano* matter as required by 22 NYCRR 603.7 (b). In addition, respondent has failed to re-register with the OCA for the 1998/1999 and 2000/2001 biennial periods.

The Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) immediately suspending respondent from the practice of law until further order of the Court. Respondent has not interposed a response to this motion.

It is clear that respondent has engaged in professional misconduct immediately threatening the public interest by his intentional and repeated failure to comply with the subpoena and the Committee's requests for information and documents, his failure to respond to the instant motion, and his failure to re-register with the OCA. Moreover, it is uncontested that, in connection with the *Damiano* matter, respondent has failed to satisfy the judgment against him. In addition, respondent has failed to file a closing statement in the *Damiano* matter as required, and he was found in contempt of court for failing to turn over the Madera file.

Accordingly, the Committee's motion should be granted, respondent suspended from the practice of law effective immediately, and until such time as disciplinary matters pending

before the Committee have been concluded, and until further order of this Court.

ROSENBERGER, J. P., NARDELLI, TOM, WALLACH and SAXE, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective the date hereof, as indicated.