[742 NYS2d 296]

In the Matter of ROBERT M. FISHER (Admitted as ROBERT MARC FISHER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 30, 2002

### APPEARANCES OF COUNSEL

*James T. Shed* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert Marc Fisher was admitted to the practice

of law by the Second Judicial Department on March 23, 1977 and has maintained an office for the practice of law within the First Department at all relevant times.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law based upon his willful failure to cooperate with a Committee investigation and other uncontested evidence of professional misconduct which immediately threatens the public interest. Respondent has refused to appear in this proceeding.

The investigation underlying this matter arises out of a disciplinary complaint filed by Ilene H. Cohen, Esq., which alleged that respondent failed to satisfy a December 8, 1999 Small Claims judgment in the amount of $110. Cohen claimed that she was retained by respondent to make two pretrial court appearances for which she was to be paid $100 each. Cohen forwarded two separate $100 invoices to respondent, but respondent only sent one $100 check. Cohen thereafter obtained the Small Claims judgment against respondent, and asserts that she has attempted to collect the fee due her numerous times, both prior to and following the issuance of the judgment.

The Committee forwarded a copy of the complaint to respondent, to which respondent submitted an answer asserting, inter alia, that he recalled paying Cohen; that he was not served in the Small Claims action and the judgment was rendered on default; and that the complaint was frivolous and Cohen was harassing him for monies paid long ago. The Committee subsequently forwarded a letter to respondent, dated January 31, 2001, advising him that this Court, in previous cases, has imposed discipline when attorneys have failed to satisfy a judgment and requesting proof that respondent either satisfied the judgment or applied to vacate it.

Respondent, on March 21, 2001, telephoned Committee Staff expressing disbelief that the Committee was pursuing what he characterized as a private matter, claiming that he had paid Cohen, and acknowledging that he had not satisfied the judgment. Respondent also provided the Committee with his cell phone number and his home address, and claimed to no longer be practicing law.

The Committee, by letter dated March 23, 2001, provided respondent with a copy of Cohen's reply to his answer and requested a written answer to the reply as well as any supporting documentation. Respondent replied by letter dated

April 16, 2001, again maintaining that he was never served in the Small Claims action, and that he fully paid Cohen. The memo portion of the check submitted by respondent indicates that it was for the appearance date for which Cohen claims to have not been paid. The Committee, however, subpoenaed a copy of the check from Citibank, and the bank's copy does not contain the notation indicating the date. Moreover, it appears that someone traced over the entry on the memo section on the copy of the check provided by respondent and the Committee now contends that the submission of an apparently altered check presents the possibility that respondent made misrepresentations to the Committee in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3).

The Committee, in December 2001, advised respondent that it sought his deposition and, in response, he asserted, inter alia, that he did not understand why the matter was still open, as he provided everything necessary to resolve the case; that he was moving to Florida and would not provide an address because he "was not interested in being reached"; and that there was no convenient time for his deposition.

Respondent thereafter telephoned the Committee on December 10, 2001 requesting that it forward written interrogatories to him in lieu of a deposition, which offer was declined by the Committee. This Court, on December 10, 2001, issued a subpoena requesting respondent to provide certain enumerated documentation by January 18, 2002, and to appear for a deposition on January 30, 2002. The Committee made three separate attempts to serve respondent personally, and subsequently left the subpoena with the doorman at his home address and also mailed it to that address. The subpoenas sent by regular and certified mail were both returned marked "Refused" on the front of the envelope. The Committee also tried to reach respondent on his cell phone on January 4, 2002, but an automated message indicated the number was no longer in service.

The Committee, by letter dated January 22, 2002, enclosed another copy of the subpoena and advised respondent that he failed to timely comply with the subpoena's direction to turn over documents by January 18, 2002, and that such failure could result in an application to suspend him from the practice of law. The certified copy of the aforesaid letter was returned marked "Refused," and the copy mailed first class was returned marked "returned to sender attempted unknown." Finally, the Committee sent another letter, dated January 31, 2002, again

advising respondent that his failure to cooperate could result in his suspension and that he should contact the Committee before February 15, 2002 in order to avoid a motion to suspend him from the practice of law. Respondent has failed to contact the Committee or comply with this Court's subpoena.

This Court, pursuant to 22 NYCRR 603.4 (e) (1), may suspend an attorney from the practice of law, pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such finding may be based upon:

> "(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation * * *, or * * *

> "(iii) other uncontested evidence of professional misconduct * * *."

In this matter, the Committee lawfully commenced an investigation and demanded information concerning respondent's failure to satisfy a debt demonstrated by a judgment, and respondent has deliberately ignored the Committee's efforts by intentionally and repeatedly failing to produce court-ordered documentation or to appear for his deposition and to provide an address where he could be reached; by refusing to accept certified and regular mail from the Committee; and by failing to respond to the instant motion (22 NYCRR 603.4 [e] [1] [i]). Moreover, the Committee asserts that respondent's admitted awareness of Cohen's outstanding judgment against him and his failure to provide documentation that it has been satisfied or that he sought to vacate or stay it should be considered "uncontested evidence of professional misconduct," another ground for his suspension, pursuant to 22 NYCRR 603.4 (e) (1) (iii).

While respondent did initially cooperate with the Committee, his subsequent efforts to evade and thwart the Committee's investigation into a nonclient's judgment against him, including the blatant disregard of this Court's subpoenas, "evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation" (Matter of Rennie, 260 AD2d 132, 135), war-

ranting his immediate suspension from the practice of law (*see, Matter of Wolf*, 283 AD2d 105; *Matter of Landers*, 250 AD2d 17).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

WILLIAMS, P.J., NARDELLI, SAXE, ROSENBERGER and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.