[746 NYS2d 720]

In the Matter of ROBERT T. WOLF (Admitted as ROBERT THOMAS WOLF), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 5, 2002

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Samuel A. Abady* of counsel (*Samuel A. Abady & Associates, P.C.*, attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Robert T. Wolf, was admitted to the practice of law in the State of New York by the First Judicial Department on March 30, 1964, as Robert Thomas Wolf. At all times relevant herein, respondent maintained an office for the practice of law within this Department.

On June 5, 2001, this Court, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), suspended Mr. Wolf from the practice of law pending further disciplinary proceedings, based upon his alleged willful failure to cooperate with the First Department's Disciplinary Committee in its investigation into a complaint filed in or around October 1999 (*Matter of Wolf*, 283 AD2d 105). Respondent, by his pro bono attorney and long-time friend, now moves, inter alia, for an order vacating the interim suspension order and appointing a receiver to assume responsibility for respondent's client files. The grounds for respondent's motion are that the events and conduct which formed the basis of the Committee's interim suspension motion and this Court's interim suspension order occurred after the 1996 onset of severe physical and mental infirmities that incapacitated respondent and rendered him unable to defend himself or to cooperate in the Committee's investigation. The Committee has cross-moved, pursuant to 22 NYCRR 603.16 (c) (1), to suspend respondent indefinitely on the basis of his physical and mental incapacity.

Filed in support of respondent's motion are affidavits from two of his treating physicians, Dr. William A. Fisher and Dr. Jane Watson. Each physician has provided detailed descriptions of respondent's physical and mental incapacities, which they attest predated the commencement of the Committee's investigation. Each physician states with "not just a reasonable degree of medical certainty, but * * * with unqualified medical certainty" that respondent's failure to cooperate in the Committee's investigation and all his attendant conduct, which was the basis for the Committee's prior charges and the interim order of suspension, was not voluntary, but rather, a product of "his tragic medical condition" (Dr. Fisher), "a physical and biochemical tragedy" (Dr. Watson).

The Committee does not dispute the opinions of respondent's physicians. Indeed, the Committee relies on those opinions in

support of its cross motion for indefinite suspension, pursuant to 22 NYCRR 603.16 (c) (1).

In view of the undisputed medical evidence, the prior order of this Court suspending respondent from the practice of law, which was based upon "his intentional and repeated failure" to cooperate in the Committee's investigation and other related failures, should be vacated. The medical testimony of respondent's physicians demonstrate that he had no culpability for the failure to cooperate in the Committee's investigation and that his conduct was neither intentional nor willful. It appears that respondent has not practiced law since his interim suspension.

Since there is no provision for the resignation of an attorney from the practice of law based upon mental or physical infirmity (see 22 NYCRR 603.11), respondent's request that he be permitted to resign must be denied. However, the Committee's motion, pursuant to 22 NYCRR 603.16 (c) (1), for an order suspending respondent from the practice of law indefinitely on the basis of his incapacity should be granted, with such suspension to continue until a determination may be made that he is no longer incapacitated in conformance with the procedures set forth in 22 NYCRR 603.16 (b) and/or (e).

Respondent's request that a receiver be appointed to protect the interests of respondent's clients, which is not opposed by the Committee, should be granted, pursuant to 22 NYCRR 603.16 (d).

To the extent not addressed above, respondent's motion and the Committee's cross motion should be denied.

NARDELLI, J.P., TOM, SAXE, ROSENBERGER and WALLACH, JJ., concur.

Motion granted to the extent of recalling and vacating this Court's order entered on June 5, 2001(283 AD2d 105) and the opinion per curiam filed therewith and thereupon denying petitioner's motion, appointing receivers to protect the interests of respondent's clients, and motion otherwise denied; cross motion granted to the extent of suspending respondent nunc pro tunc to June 5, 2001 for an indefinite period and until the further order of this Court, and cross motion otherwise denied.